HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART-ROBINSON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF PUYALLUP POLICE DEPARTMENT,<br><br>　　　　　　　Defendant. | No. RBL C11-5772RBL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [Dkt. #1] |

THIS MATTER comes before the court on plaintiff's Motion to Proceed *in forma pauperis.* [Dkt. #1.] The court has considered the motion and the remainder of the record herein.

Plaintiff requests that the court permit her to proceed *in forma pauperis* (IFP), that is, without paying the $350 filing fee for a civil case. The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Plaintiff states that she has no income and no assets. Within the past two years, plaintiff filed at least six cases, in addition to the present one, in this court. *See Stuart-Robinson v. Green River Community College*, C10-112MAT (plaintiff granted IFP status; case dismissed on summary judgment); *Robinson v. Hampton*, C10-5189BHS (plaintiff granted IFP status; case dismissed on

ORDER - 1

motion for judgment on the pleadings); *Robinson v. State of Washington Department of Corrections*, C10-5652RBL (plaintiff granted IFP; cased dismissed for lack of jurisdiction, on defendants' motion to dismiss); *Robinson v. City of Tacoma*, C11-5014RJB (IFP denied); *Robinson v. Department of Corrections*, C10-5861RBL (stayed); and *Robinson v. Advanced Communications Services*, 10-5919RBL (*in forma pauperis* denied).

The closed cases involved significant motions practice by the defendants in those cases. In light of plaintiff's recent litigation history, the court has carefully reviewed the complaint in this matter. Because plaintiff filed this complaint *pro se*, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

Plaintiff's Proposed Complaint alleges that a Puyallup Police Officer told plaintiff at a bus stop that she was "going to f**king jail if she did not sit down and shut up." Apparently plaintiff was "dropping F-bombs" at the bus stop when confronted by police. Plaintiff does not allege that she was arrested or that any force was used against her. She only alleges that this "harassment" put her in fear of going to jail and asserts violations of Article 1, Section 1 of the Washington State Constitution and RCW 9.15.030 (*sic*).[1] She alleges these violations of state law somehow violated her federal constitutional rights to due process and equal protection. She cites to 42 U.S.C. § 1983. Section 1983, however, does not provide a remedy for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). Because any amendment to the Complaint could not cure its deficiencies, this Court need not provide the plaintiff the opportunity to amend the Complaint prior to dismissal. *See Lucas v. Dept' of Corrections,* 66 F.3d 245, 248 (9th Cir. 1995).

---

[1] RCW 9.15.030 does not exist. RCW 9.15 relates to laws against bigamy that were repealed in 1976. Her reference apparently is to another RCW chapter regarding threats, possibly RCW 9A.04.110(27).

ORDER - 2

A federal court may dismiss *sua sponte* pursuant to Fed.R.Civ..P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land   Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed.R.Civ.P. 12(b)(6).... Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

This case has no arguable basis in law or fact. The complaint is **DISMISSED** as frivolous and for failure to state a claim.

In the event that plaintiff appeals this order, or appeals dismissal of this case based on failure to pay the filing fee, IFP status will be denied by this court, without prejudice to plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

DATED this 7th day of October, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE